FILED
CLERK OF COURT
2025 MAY 23 PM 2:58
SUPERIOR COURT
OF GUAM

# IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| PEOPLE OF GUAM, | ) | CRIMINAL CASE NO. **CM0055-21** |
| | ) | GPD REPORT NO. 21-6142 |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | DECISION AND ORDER |
| HESPINAN SACHUO, | ) | RE. PEOPLE'S MOTION TO REVOKE |
| aka Hespina Sachuo, | ) | DEFENDANT'S PROBATION AND |
| DOB: 12/04/1974 | ) | IMPOSE JAIL SENTENCE |
| | ) | |
| Defendant. | ) | |
| | ) | |

## INTRODUCTION

This matter came before the Honorable Maria T. Cenzon on February 28, 2025, for a Revocation Hearing on the People of Guam's ("the People") Motion to Revoke Defendant Hespinan Sachuo's ("Defendant" or "Defendant Sachuo") Probation and Impose Jail Sentence (the "Motion"). Defendant is represented by Assistant Public Defender Chad N. Enoki. Assistant Attorney General Christine S. Tenorio represents the People. After the hearing, the Court took the Motion under advisement pursuant to CVR 7.1(e)(6)(D) of the LOCAL RULES OF THE SUPERIOR COURT OF GUAM.

After reviewing the People's Motion and the Defendant's Opposition, oral arguments from the parties, and the applicable statutes and case law, the Court now issues this Decision and Order **GRANTING** the People's Motion.

//

## PROCEDURAL AND FACTUAL BACKGROUND

**A.    Defendant's Change of Plea and his violations thereafter.**

On **September 20, 2021**, Defendant Sachuo entered a guilty plea to the following offenses via an Information: Criminal Mischief (As a Misdemeanor) and Harassment (As a Petty Misdemeanor). *See Judg. of Conv.* (Sept. 30, 2021). Following acceptance of his GUILTY plea, the Court sentenced the Defendant to one (1) year of incarceration at the Department of Corrections, *all suspended*, with credit for time served. *Id.* The Court placed the Defendant on supervised probation for **one (1) year** and imposed standard release conditions. Notable conditions of probation include: no contact with the victim; reporting monthly to the Probation Services Division ("Probation"); a fine of one hundred dollars ($100.00) and court costs of eighty dollars ($80.00); fifty (50) hours of community service; and reporting to the Client Services and Family Counseling Division ("CSFC") for intake and assessment and participation in recommended treatment and counseling. *Id.*

On April 7, 2022, Probation filed a First Violation Report against the Defendant for the following violations: failure to report to probation monthly, last reporting on October 11, 2021; failure to make progress on his fines, court costs, and community service hours; and failure to make his follow-up appointment with CSFC, including the failure to complete the Anger and Stress Management Program. *See First Vio. Rpt.* (Apr. 7, 2022). The Court issued a Warrant of Arrest on April 19, 2021, and the warrant was returned on January 13, 2025 – *nearly three (3) years later.*

On January 14, 2025, the Court held a Return of Warrant Hearing, wherein the Court addressed the Defendant's First Violation. The Court noted Defendant's outstanding conditions. *Min. Entry* (Jan. 14, 2025). Defendant Sachuo stated that his noncompliance was due to his stay

in the hospital for three (3) months and lack of transportation. *Id.* The People indicated that it would file its Motion to Revoke Probation, and the Court would set the matter for a Revocation Hearing. *Id.*

## DISCUSSION

Guam law specifies the procedures that the Court must follow for revocation of probation. The relevant statute, in its entirety, states as follows:

> [T]he court, if satisfied that the offender has inexcusably failed to comply with a substantial requirement imposed as a condition of the order may revoke the suspension or probation and sentence or re-sentence the offender. Violation of a condition shall not result in revocation, however, unless the court determines that revocation under all the circumstance then existing will best satisfy the ends of justice and the best interests of the public.

9 GCA § 80.66(a)(2).

The process for revoking an offender's probation has been further explained by the Guam Supreme Court as follows:

> Probation revocation is a two-step process. First, the trial court must make a factual determination that a violation of probation actually has occurred. If a violation is proven, then the Court must determine if the violation warrants revocation of the probation.

*People of Guam v. Camacho*, 2009 Guam 6 ¶ 27 (internal citations omitted).

To revoke a defendant's probation, evidence and facts presented to the Court must be "reasonably necessary to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation." *Id.* At ¶ 30 (citing *People v. Angoco*, 1998 Guam 10). The Court also cannot order revocation unless the offender is provided with written notice of grounds for revocation of probation. 9 GCA § 80.68(a). At the hearing, the offender shall "have the right to hear and controvert the evidence against him, to offer evidence in his defense and to be represented by counsel." *Id.* Should the Court revoke an offender's probation, "it may impose on

the offender any sentence that might have been imposed originally for the crime of which he was convicted." 9 GCA § 80.66(b).

**A.    The Court determines that a violation of probation has occurred.**

Pursuant to the first *Camacho* prong, the Court first turns to make a factual determination of whether a violation of probation has occurred. There are no factual disputes that a violation of Defendant's probation has occurred. Probation has filed one (1) violation report against the Defendant for the following violations: (1) failure in reporting to Probation as ordered, (2) failure in reporting to CSFC for intake and assessment, and (3) making progress toward paying fines and court costs. Defendant admitted that he has failed to complete the conditions of probation. *Minutes of Revocation Hrg. on 2/28. 2025* at 9:34:27 AM to 9:45:38 AM (Feb. 28, 2025). For these reasons, the Court determines that the first *Camacho* prong is satisfied.

**B.    The Court determines that revocation of probation is warranted.**

Pursuant to the second *Camacho* prong, the Court next turns to determine whether revocation of Defendant's probation is warranted. In making this determination, the Court must resolve whether "revocation under all the circumstance. . .will best satisfy the ends of justice and the best interests of the public." 9 GCA § 80.66(a)(2). Upon review of the record, the Court finds a history of Defendant's non-compliance with the conditions set by this Court and pursuant to the Plea Agreement he has agreed to follow. Since entering probation, the Defendant has failed to report to Probation, absconding from the Court's supervision for ***nearly three (3) years***. The Defendant has also failed to avail himself of treatment and counseling through CSFC for his own benefit while under supervised probation.

For the above reasons, the Court determines that the second *Camacho* prong is satisfied, and revocation is warranted in this case.

## CONCLUSION

For the reasons set forth above, the Court hereby **GRANTS** the People's Motion to Revoke Defendant's Probation and Impose Jail Sentence. The Court shall issue a separate Judgment revoking the Defendant's probation, imposing the remainder of the Defendant's sentence, with credit for time served, and **CLOSING** this case. Defendant *shall not* be sentenced to PAROLE following his release from DOC in this case.

SO ORDERED this 23rd day of May, 2025.

**HONORABLE MARIA T. CENZON**
Judge, Superior Court of Guam